IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**Ebraich**,

Plaintiff,

v.

**Knife River, Inc.; Johnny Cat Inc.;
Bob's Backhoe, Inc.; HBH Engineering;
McLane Plumbing, Inc.; RLC, Inc.; and
Tilton Pacific Construction, Inc.**,

Defendants.

Civil No. 1:12-cv-00443-CL

ORDER TO PROCEED IN FORMA
PAUPERIS AND REPORT AND
RECOMMENDATION TO DISMISS

CLARKE, Magistrate Judge:

Plaintiff has filed an application to proceed in forma pauperis (#1) in this matter. For the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that plaintiff fails to state a claim for relief. See 28 U.S.C. § 1915(e)(2).

## **STANDARDS**

28 U.S.C. § 1915(e)(2) provides that, where a case is filed in forma pauperis, "the court shall dismiss the case at any time " if the court determines that the action is frivolous, it fails to state a claim on which relief may be granted, or a defendant is immune from an award of

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

monetary relief. See Lopez v. Smith, 203 F.3d 1122, 1124, 1130 (9th Cir. 2000) (en banc); Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)].

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991).

A complaint must state a short and plain statement of the claim, Fed. R. Civ. P. 8(a), and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

2 - ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

## DISCUSSION

Plaintiff has filed a complaint against the named defendants. He also refers to the Oregon Department of Environment on the first page of the complaint. The complaint is difficult to read. It appears plaintiff asks that defendants "self enforce" and "self bar" construction at and near "MinimalNecessaryGreenFoliageOxygenCreatingMinimalNecessary [sic] green zone" and includes the "exact four locations" of the site(s), apparently located in Medford, Oregon. (Compl. at 1.) Plaintiff also seeks restoration of the property at issue to "green zone existence." (Compl. at 2.) Plaintiff refers to "Standards" of "NoConcrete;NoTar;NoTraffic" with relation to a lake. (Compl. at 2.) In his complaint, plaintiff refers to case CV11-3138CL, a case brought by plaintiff against the Oregon Department of Environment in November 2011 and dismissed with prejudice by the court.[1] The description of the property at issue in each case is identical. However, some of the alleged wrongful actions by some of the defendants in this case are alleged to have taken place after the earlier case was filed.

The court has reviewed plaintiff's complaint and is unable to discern a cognizable legal claim upon which relief can be granted. It does not appear that an opportunity to amend would cure the deficiencies in the complaint. Because plaintiff fails to state a discernible claim and amendment appears futile, plaintiff's case should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

//

//

---

[1] That case is on appeal in the Ninth Circuit.

3 - ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

## ORDER

Plaintiff's application to proceed in forma pauperis (#1) is granted.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's action be dismissed and that judgment be entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by April 17, 2012. If objections are filed, any response to the objections are due by May 7, 2012,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___30___ day of March 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE